NicholsON, C. J.,
delivered the opinion of tbe Court.
On the 2d June, 1867, John H. Holinshade, sole member of the firm of John H. Holinshade & Co., executed a trust deed to Henry S. Ward, to secure the payment of various debts. The property conveyed is described as follows: “ All the goods, wares and merchandise, bonds, bills, notes, accounts, interest in esse, and all debts due and owing and to become due to the said John H. Holinshade & Co., in what manner soever secured, and all books of accounts and vouchers relating thereto, and all the personal property of the said John H. Holinshade of every kind, nature and description whatsoever, except such articles as are by law exempt from execution, to have and to hold,” etc. The trustee is authorized to sell and dispose of the same, and convert the same into money, and collect and compromise debts and discharge the debts secured.
This deed was registered on the 2d of June, 1867, and on the 5th of Juno, 1867, on account of doubts as to the validity of the deed, John H. Holinshade executed another conveyance, ratifying and confirming the first, and relinquishing to the trustee the personal property excepted by law from execution. This confirmatory deed was registered on the 5th of June, 1867.
*685 On the 5th of June, 1867, and after the confirmatory deed was registered, complainant filed his attachment bill, alleging that the deed of trust was fraudulent and attacking the genuineness of the debts secured. An attachment was levied on part of the goods.
Defendants answer and deny the allegations as to fraud, and insist the debts secured are bona fide; but the oath to the answers being waived, they only make the issue.
The first deed, standing by itself, was invalid, not because it was fraudulent, per se, to include exempted property and claim the use thereof, but because the exempted articles are not designated and set apart so as to distinguish them from the other property conveyed, and thus give notice to creditors what property was intended to be appropriated to the beneficiaries, and what to the grantor. To this extent this Court recognized the case of Sugg v. Tillman, in a case decided at its late term at Nashville.
But afterward, and before complainant attached the property, John H. Holinshade executed his second deed, by which he recognized and confirmed the first deed, and added to the property conveyed the personal property exempted by law from execution, and released any claim thereto. This does not involve the question of the power of revocation; but the right to re-affirm and add to the former deed, so as to make it more beneficial to the beneficiaries. He had the same power to execute the second, as he had to execute the first deed, and by so doing the two deeds constitute one conveyance and are to be examined together.
*686 The question then arises; whether these two deeds are fraudulent on their face, or are they shown to be so by the facts in the case?
The first thing that attracts attention on the face of the deeds is, that the grantor conveys all the goods, wares, merchandise, bills, notes, accounts, etc., of John H. Holinshade & Co., but fails to state by description or by schedule what goods, wares, merchandise, etc., are meant to be conveyed, or what was their value, or where they were. From this description of the pryperty conveyed, we can not tell where John H. Holinshade & Co. had the goods, wares and merchandise — whether in Memphis or Cincinnati. The rule of law required such a description, either general or special, as would enable any one to take the deed and from its face to designate the property described. , We are unable to see, in this deed, any direction by which the property conveyed could be distinguished and designated as the property intended to be conveyed.
The same objection exists as to the description of the personal property of John H. Holinshade individually. He describes it as “ all the personal property of the said John H. Holinshade of every kind, nature and. description whatsoever.”
The conveyances were not absolutely void, because the description of the property conveyed was not specific but general. The true rule is laid down in 15 Barbr., (Kellogg v. Slauson,) 56. In that case the conveyance was of “all and singular the goods and chattels, merchandise, bills, bonds, notes, book-accounts, judgments, evidences of debts, and property of every *687 name and nature whatever,” without further specification or without any inventory. It was held that “such omission was not conclusive evidence of fraud, but only a circumstance to be considered by the jury, in connection with the other circumstances of the case.” See Burrell on Assignments, 264.
The next thing on the face of the deed worthy of notice is, that the trustee is authorized to go on and sell and dispose of the goods, collect and compromise the debts due, but there is no limitation as to the time when the trust is to be closed. This is not a conclusive circumstance of fraud, but one well worthy to be considered.
• In the next place, although the validity of the debts is directly assailed, yet defendant brings forward but one' witness, and his evidence is directed mainly to support the debt of Jacob "W. Holinshade & Co., of Cincinnati, for $17,140. The whole value of the goods conveyed, according to this witness, was about $13,000. The debt of Jacob W. Holinshade & Co., being the second preferred debt in the schedule, is larger than the value of the goods, and the whole amount of debts about $30,000. The witness was book-keeper of J. H. Holinshade & Co., and he proves that the books show that the amount of $17,-141 stands to the credit of Jacob W. Holinshade & Co. He adds that that was the amount justly due them, but upon cross-examination he shows clearly, that he swears more by the book than by any knowledge he had of the facts. He had commenced bookkeeping for John H. Holinshade & Co., in the latter *688 part of 1866, and shows that his evidence is largely-based on the entries in the books and on hearsay testimony. We think the evidence of this witness, instead of establishing the validity of the claim of Jacob W. Holinshade & Co., tends strongly to throw suspicion over its genuineness, and to make the impression that the firm of John H. Holinshade & Co., at Memphis,' was but a branch of the house of Jacob W. Holinshade & Co., of Cincinnati.
Upon a careful view of all the indications of fraud referred to, we can not resist the conclusion, that the conveyances of June 2d, 1867, and June 5th, 1867, were fraudulent and void as to the attachment of complainant. , •
The Chancellor so held and we affirm his decree with costs.